Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff-employee at all relevant times herein.
3. The Maryland Insurance Company provided workers' compensation insurance coverage for defendant-employer at all relevant times herein.
4. Plaintiff's average weekly wage will be determined from a Form 22 to be provided by defendant-employer.
5. The issues to be determined by the Commission are the following:
 a) Whether plaintiff sustained an injury by accident on May 14, 1995, while in the course and scope of her employment with defendant-employer?
 b) If so, what, if any, benefits is plaintiff entitled to receive?
***********
The Pre-Trial Agreement and all of its attachments and any other stipulations are incorporated herein by reference.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, plaintiff was a thirty-five year old woman. Plaintiff holds an associate degree in criminal justice.
2. Plaintiff started working for defendant-employer in October 1994 as an executive housekeeper. Her duties included supervising a housekeeping crew, scheduling laundry, room cleaning, along with other duties for her employees and performing some housekeeping work herself.
3. On May 14, 1995, plaintiff was working at her desk and as she stood up, she struck her head on a key box located on the wall over her desk. She felt immediate pain on the left side of her head, neck and left arm. Shortly after the incident, plaintiff told Steve Alley that she had hit her head on the key box as she was standing up from her desk.
4. On May 15, 1995, plaintiff was seen and treated by Steven Swaya, D.C. Dr. Swaya's medical records indicate that plaintiff told him that she had hit her head on a key box the day before while at work when she stood up from her desk. Plaintiff also told Dr. Swaya that immediately after hitting her head she felt pain on the left side of her head, neck and down into her left arm.
5. Plaintiff was next seen by Karen Hartman, D.C. on May 26, 1995. Plaintiff told Dr. Hartman that she had hit her head on May 14, 1995, on a key box as she stood up from her desk at work. Dr. Hartman's medical notes also indicate that plaintiff told her that she felt immediate pain after striking her head.
6. Dr. Hartman had been treating plaintiff for neck pain that was being caused by degenerative problems at C6-7. Dr. Hartman noted that plaintiff was experiencing more pain and difficulty with her neck following the incident on May 14, 1995.
7. Dr. Hartman referred plaintiff to Dr. Richard E. Weiss, a neurosurgeon, because plaintiff was not responding to her course of treatment. Dr. Weiss diagnosed plaintiff's condition as a herniated disc at C6-7 and performed an anterior cervical discectomy and fusion on July 11, 1995. Testing done prior to the May 14, 1995 incident showed a bulge at C6-7, but the bulge had not ruptured or placed any pressure on any of plaintiff's nerves.
8. Plaintiff's fusion did not heal and she received further treatment from Thoms Rehabilitation Hospital. Plaintiff was given an Ergos Evaluation Summary, and it revealed that she was limited to sedentary to light duty work.
9. Dr. Carol Jean Smith, her primary physician, and Dr. Hartman, her chiropractor, are still treating plaintiff. Drs. Smith and Hartman are of the opinion that plaintiff is not able presently to perform any kind of work.
10. Dr. Margaret Burke of Thoms Rehabilitation Hospital is of the opinion that plaintiff is able to do sedentary to light work. Dr. Burke also concluded and the Commission finds that as of November 11, 1996 plaintiff reached maximum medical improvement with a 15% permanent partial disability rating to her back. Greater weight is given to the opinion of Dr. Burke in that her opinion is based upon the battery of tests that were given to plaintiff while she was at Thoms Rehabilitation Hospital.
11. Plaintiff is able to perform sedentary to light work. Defendants have indicated that plaintiff was terminated by them because she was not able to perform her position due her medical condition. Defendants did not offer any evidence that the employer offered plaintiff a job that was within plaintiff's restrictions or that there were other jobs in the area that were within plaintiff's restrictions.
12. Plaintiff continues to suffer pain as a result of her injury which aggravated the pre-existing condition. She continues to need medical treatment to relieve her pain and other symptoms.
13. At the time of the injury, plaintiff had recently finished her initial training during which she was paid $350.00 to $375.00 per week. Plaintiff's salary had increased to the customary $400.00 per week for the position of executive housekeeper. The Form 22 submitted by the defendants cannot be used to calculate plaintiff's average weekly wage because it is incomplete in that it fails to indicate the actual hours plaintiff worked each day. Plaintiff's average weekly wage should be calculated such that the results are fair and just for both parties; therefore, plaintiff's average weekly wage at the time of her injury by accident was $400.00 per week, yielding a compensation rate of $266.67.
14. Plaintiff's herniated disc at C6-7 and surgery are causally related to the injury by accident during the course and scope of her employment with the defendant-employer on May 14, 1995.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course and scope of her employment on May 14, 1995 when she hit her head on the key box as she was standing up from her desk. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to receive total disability benefits from November 11, 1996 and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment by the defendants of the medical expenses incurred for the treatment of the injuries she sustained, and any further treatment that tends to cure, give relief and/or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
4. Plaintiff's average weekly wage was $400.00 per week, yielding a compensation rate of $266.67. N.C. Gen. Stat. §97-2(5).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees awarded below, defendants shall pay to plaintiff compensation at the rate of $266.67 per week from November 11, 1996 and continuing until further Order of the Commission. All accrued compensation shall be paid in one lump sum.
2. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be paid.
4. Defendants shall pay the costs of this action.
This the ___ day of April 1999.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER
LKM/jth